UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| PACIFIC INSURANCE COMPANY, LTD. | CIVIL ACTION |
| VERSUS | NO. 04-1691 |
| INSULATION TECHNOLOGIES, INC. | SECTION "T"(2) |

      Currently pending before the Court is a Motion for Joinder of Indispensable Parties Plaintiff or in the alternative Abstain with Stay of Action (Doc. 5) filed on behalf of the Defendant, Insulation Technologies, Inc. (hereinafter referred to as "Insul-Tech"), in the above-captioned matter. This motion came before the Court for a hearing without oral argument on October 6, 2004. The Court, having studied the arguments of the respective parties, the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, is fully advised on the premises and ready to rule.

## ORDER AND REASONS

**I.     BACKGROUND:**

      In September, 2002, the defendant, Insul-Tech was contracted to design, fabricate and

1

install a fire sprinkler system in a 103 year-old warehouse on Carondelet Street in New Orleans, Louisiana, which was being converted into luxury condominiums.  The defendant was contracted by Mr. Elie Khoury, who is a member and owner of both St. Joseph Condominiums, L.L.C., the company formed to renovate the building, and KFK Real Estate, L.L.C., the owner of the property and building.  The plaintiff, Pacific Insurance Company, Ltd. (hereinafter referred to as "Pacific"), issued a policy of property insurance, policy number ZG 0023852, to St. Joseph's Condominiums for the property on Carondelet Street that was being renovated.

During the week of June 16, 2003, the installation of the sprinkler system neared completion.  At some point during the weekend of June 20, 2003, a component of the sprinkler system in a unit on the fourth floor allegedly failed, causing flood and water damage to the building.  As a result of the damage, St. Joseph Condominiums made a claim for and Pacific has paid and will continue to pay for any and all flood and water damage covered by the enumerated policy.  Pacific avers that it has already paid in excess of $800,000 for the damage.

On June 17, 2004, Pacific brought the instant action before this Court in subrogation of St. Joseph's rights to recover from Insul-Tech the amount it has paid St. Joseph for the damage.  On June 18, 2004, St. Joseph Condominiums, L.L.C., KFK Real Estate, L.L.C., and Elie Khoury (collectively known as the "State Court Plaintiffs") filed suit against Insul-Tech in Louisiana state court for their uninsured losses arising out of the same incident.  In the instant motion, Insul-Tech asserts that the State Court Plaintiffs are indispensable parties to this action and must therefore be joined or, in the alternative, that the Court abstain and that the action be stayed pending the ruling of the state court.

**II.     ARGUMENTS OF THE RESPECTIVE PARTIES:**

    **A. Arguments of the Defendant in Support of the Motion for Joinder/Abstention:**

Insul-Tech argues that the State Court Plaintiffs are indispensable to the matter before this Court and, therefore, must be joined to this action. Insul-Tech asserts that the issues are identical and that questions remain as to the allocation of liability for the damages. Thus, Insul-Tech submits that proceeding without the State Court Plaintiffs would subject it to unnecessary duplicative costs and to the possibility of conflicting results. Jurisdiction in this matter is based on diversity of citizenship of the parties, and if the State Court Plaintiffs are joined, diversity will be destroyed, as both the State Court Plaintiffs and Insul-Tech are Louisiana citizens. Insul-Tech asserts that Pacific will not be prejudiced by the joinder, however, as the case could be dismissed to state court for full adjudication of the matter.

In the alternative, Insul-Tech requests that this Court apply the <u>Brillhart</u> abstention doctrine and stay the proceedings until the matter is determined by the state court. Insul-Tech avers that abstention with a stay of the proceedings would not prejudice Pacific because its interests are represented by its insured, St. Joseph Condominiums, and because it could join the state court proceedings as an intervenor.

    **B. Arguments of the Plaintiff in Opposition to Joinder/Abstention:**

On the other hand, Pacific claims that the State Court Plaintiffs are neither necessary nor indispensable and, therefore, should not be joined. In addition, Pacific submits that it would, in fact, be prejudiced by the joinder as it would be divested of its right to choose the forum in which it wishes to proceed. Also, Pacific argues that the <u>Brillhart</u> abstention doctrine is

inapplicable to this case because it only applies to declaratory judgment actions, which this is not. Finally, Pacific asserts that even if the Court was to consider the Colorado River abstention doctrine for exceptional circumstances, such action is not warranted in this matter.

### III. LAW AND ANALYSIS

#### A. Joinder of Necessary and Indispensable Parties

Rule 19(a) of the Federal Rules of Civil Procedure governs the joinder of necessary parties to an action before the federal courts. According to Rule 19(a):

> A person who is subject to service of process **and whose joinder will not deprive the court of jurisdiction over the subject matter of the action** shall be joined as a party in the action if
>
> (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that disposition in the person's absence may (I) as a practical mater impair or impede the person's ability to protect that interest or (ii) leave any of the persons already party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Pro. 19(a) (2005) (emphasis added). In the instant case, the parties that Insul-Tech wishes to have joined as plaintiffs are non-diverse parties from the defendant. Therefore, their joinder would divest this Court of its diversity jurisdiction over this matter. Rule 19(a) clearly states that a party to be joined must be subject to service of process **and** must be a person whose joinder will not divest the court of its subject matter jurisdiction. Consequently, the State Court

Plaintiffs cannot be joined to this action pursuant to Rule 19(a).

However, when a person described in the above categories cannot be made a party, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being regarded as indispensable." Fed. R. Civ. Pro. 19(b) (2005). In order to be determined "indispensable," the Court must first determine if the absent parties would be "necessary" if not for the fact that their joinder would divest the Court of its diversity jurisdiction. If the parties would be considered "necessary," then the Court must exercise its discretion to determine if the action should proceed between the parties before it or if it should be dismissed.

In the present case, Pacific's claim is for subrogation of St. Joseph Condominium's rights for the recovery of insured losses due to the flood and water damage, while the State Court Plaintiffs' claims are for their uninsured losses. Complete relief can be accorded for the insured losses before this Court among Pacific and Insul-Tech without adding the State Court Plaintiffs. See Fed. R. Civ. Pro. 19(a)(1). Also, a disposition of the matter before this Court will not impair the ability of the State Court Plaintiffs to protect their rights to uninsured losses in their absence. See Fed. R. Civ. Pro. 19(a)(2)(I). However, should the State Court Plaintiffs not be added, Insul-Tech may be subjected to inconsistent obligations. See Fed. R. Civ. Pro. 19(a)(2)(ii). Liability for the water and flood damage has not yet been determined or allocated. Consequently, the state court could allocate liability for the flood and water damage differently than this Court, subjecting Insul-Tech to inconsistent obligations to the State Court Plaintiffs and to Pacific. Thus, the State Court Plaintiffs would be "necessary" parties to the instant action, but for their

lack of diversity from Insul-Tech.

Next, since the State Court Plaintiffs would be "necessary" but for their lack of diversity from Insul-Tech, the Court must use its discretion to determine if they are "indispensable" in accordance with Rule 19(b).  Rule 19(b) lists four factors to be considered when determining if a party is "indispensable":

> (1) the extent to which a judgment rendered in the person's absence might be prejudicial to the person or to those already parties;
>
> (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
>
> (3) whether a judgment rendered in the person's absence will be adequate; and
>
> (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Fed. R. Civ. Pro. 19(b) (2005).  In Provident Tradesmen's Bank & Trust Co. v. Patterson, 390 U.S. 102, 109-11, 88 S.Ct. 733, 737-38, 19 L.Ed.2d 936 (1968), the United States Supreme Court stated that the above factors can be characterized as the interests that affect four categories of person: the plaintiff, the defendant, the absentees, and the public.  The Supreme Court further noted that in determining whether a party is indispensable, the court should consider the plaintiff's interest in a federal forum; the defendant's interest in avoiding "multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another"; the absentees interest in avoiding prejudice from the proceeding; and the interest of the courts and the public in complete, consistent and efficient settlement of controversies.  Id.

In the present case, the plaintiff obviously has an interest in keeping this matter in its chosen forum before the federal courts, and the absent State Court Plaintiffs will not be prejudiced by an adjudication of these proceedings. However, should this Court proceed in this matter, the defendant would be subjected to trying the same issues arising out of the same circumstances in different courts. Also, this would result in two separate trials being conducted to determine the same issue of liability for the failure of the sprinkler system. Nevertheless, in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), the Supreme Court noted that the insured parties are "clearly not 'indispensable' parties" in a partially subrogated insurer's lawsuit and therefore cannot be joined. Id. at 382 n. 19. The Supreme Court continued to rule that, in such a situation, a tortfeasor "may have to defend two or more actions on the same tort and may be unable to assert counterclaims and offsets against the original claimant upon unrelated transactions." Id. at 382.

Numerous other courts have applied the analysis of Aetna in subsequent lawsuits. See Fidelity & Deposit Co. of Maryland v. Gaspard, 1997 WL 335598 (E.D. La. June 17, 1997); Krueger v. Cartwright, 996 F.2d 928 (7th Cir. 1993); Awkwright-Boston Man. Mut. Ins. Co. v. City of New York, 762 F.2d 205 (2nd Cir. 1985); Public Service Co. v. Black & Veatch, 467 F.2d 1143 (10th Cir. 1972); Mutual Fire, Marine & Inland Ins. Co. v. Adler, 726 F.Supp. 478 (S.D.N.Y. 1989); Shaner v. Caterpillar Tractor Co., 483 F.Supp. 705 (W.D. Pa. 1980); Edwards, Inc. v. Arlen Realty and Development Corp., 466 F.Supp. 505 (D.S.C. 1978); Royal Indemnity Co. v. City of Erie, 326 F.Supp. 571 (W.D. Pa. 1971). Furthermore, this Court (Sear, J.) has ruled that a subrogated insurer and an insured have separate and distinct claims, which do not

merit the joinder of a non-diverse insured.  Fidelity at *2.  Therefore, the Court finds that in this instance, although there has not yet been any discovery or investigation for a determination of fault for the failure of the sprinkler system, the subrogated claims for the insured losses of Pacific are separate and distinct from the claims for uninsured losses of the State Court Plaintiffs.  Thus, the State Court Plaintiffs are not indispensable parties to this litigation within the meaning of Rule 19(b) and cannot be joined.

### B.     Abstention with Stay of Proceedings

In the alternative, Insul-Tech requests that this Court abstain and issue a stay of these proceedings until the state court has ruled in the corresponding matter.  In Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), the United States Supreme Court noted that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.  Id. at 495.  This rationale became known as the Brillhart abstention doctrine, which was affirmed and clarified by the Supreme Court in Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).  In Wilton, the Supreme Court ruled that "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close."  Id. at 288.

Unfortunately for Insul-Tech, however, this case is not one that involves a declaratory judgment.  In Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Supreme Court applied the more narrow "exceptional

circumstances" test of <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800. 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), to determine whether an abstention was proper in a suit to compel arbitration under the Arbitration Act in favor of parallel state court litigation. The Supreme Court ruled that the abdication of a district court's obligation to decide cases "can be justified . . . only in the exceptional circumstance where the order to the parties to repair to the State court would clearly serve a countervailing interest." <u>Moses H. Cone</u>, 460 U.S. at 14, 103 S.Ct. at 963 (quoting <u>Colorado River</u>, 424 U.S. at 813, 96 S.Ct. at 1244).

The action presently before the Court is not one seeking declaratory judgment, but rather is a subrogation claim for breach of contract and negligence under the original diversity jurisdiction of this Court. At the time of its filing there was no other action pending in another court relating to the same occurrences or issues. Accordingly, the broad discretion of the <u>Brillhart</u> doctrine cannot be applied in this case, and the Court must instead analyze the appropriateness of an abstention using the more narrow "exceptional circumstances" test of <u>Colorado River</u>.

In <u>Colorado River</u>, the Supreme Court ruled that the doctrine of abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." 424 U.S. at 813, 96 S.Ct. at 1244. The Supreme Court further ruled that "[a]bdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." <u>Id.</u> The Supreme Court then listed four factors that a district court should consider in deciding whether it would be appropriate to abstain from a case:

      (1)    whether the state court has obtained jurisdiction over the property or res;

      (2)    whether the federal forum is less convenient to the parties;

      (3)    the avoidance of piecemeal litigation; and

      (4)    the order in which jurisdiction was obtained.

Id. at 818, 96 S.Ct. at 1247.  Later, in Moses H. Cone the Supreme Court added two more factors to consider:

      (5)    whether federal law provides the basis of the decision; and

      (6)    whether state court proceedings are inadequate to protect the federal court plaintiff's rights.

460 U.S. at 23-26, 103 S.Ct. at 941-42.

      As applied to the facts of the present case, there is no dispute over property.  Therefore, the first factor is irrelevant.  Also, this case involves the subrogated rights of an insurer against a contractor for breach of contract and for tort damages.  Jurisdiction is based on diversity of citizenship of the parties.  Thus, federal law does not provide the basis of the decision, rendering the fifth factor irrelevant as well.

      Next, it is equally convenient for the parties to proceed in state court as opposed to this Court, and the state court action would adequately protect the Plaintiff's rights.  The parallel state court action is currently pending in the Civil District Court for the Parish of Orleans, State of Louisiana, a short distance away from this Court.  On the other hand, the instant action was filed before the state court action.  The instant action was filed on June 17, 2004, whereas the state court proceeding was filed a day later, on June 18, 2004.

Most importantly, the instant action involves the rights of Pacific which were subrogated to it by the State Court Plaintiffs.  The pending state court action involves exactly the same issues of liability for the failure of the sprinkler system as the instant action before this Court.  The only difference in the case presently before this Court is that the plaintiff is the insurer subrogated to the State Court Plaintiffs' rights, claiming indemnity for payments made resulting as a result of the malfunction.  The facts of the case and the issues of liability involved are identical.  By abstaining from the instant action, this Court would avoid the possibility of inconsistent rulings on liability against the Defendant, duplicative legal proceedings and costs, and the waste of judicial resources.

Nevertheless, in Kelly Investment, Inc. v. Continental Common Corp., 315 F.3d 494, (5th Cir. 2002), the United States Court of Appeals for the Fifth Circuit ruled that "the problem of inconsistent judgments can be obviated through a plea of *res judicata* should one court render a judgment before the other."  Id. at 498-99 (citing Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1192 (5th Cir. 1988); Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 738 (5th Cir. 1999)).  The Fifth Circuit further stated that it is improper for a district court to "[rely] upon the possibility of inconsistent judgments as its main reason for abstaining."  Id. at 498.  Accordingly, the Court finds that the application of the Colorado River abstention doctrine would not be the proper course of action in the instant matter.  Should the issues of liability for faulty sprinkler system be first ruled on in the Civil District Court for the Parish of Orleans, *res judicata* could preclude the risk of inconsistent rulings.

**IV.    CONCLUSION:**

For the foregoing reasons, the Court finds that the State Court Plaintiffs are not necessary and indispensable parties under Rule 19.  Therefore, the State Court Plaintiffs cannot be joined to the instant proceedings before this Court.  Further, the Court rules that, in accordance with the Fifth Circuit's ruling in Kelly Investment, an abstention with a stay of the proceedings is not proper in the instant action to upset "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  Colorado River, 424 U.S. at 817, 96 S.Ct. at 1236.

Accordingly,

**IT IS ORDERED** that the Motion for Joinder of Indispensable Parties (Doc. 5) filed on behalf of the Defendant, Insulation Technologies, Inc., be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the alternative Motion for Abstention with Stay of Action (also Doc. 5) filed on behalf of the Defendant, Insulation Technologies, Inc., be and the same is hereby **DENIED.**

New Orleans, Louisiana, this 19th day of July, 2005.

_____
**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**